UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHANIE KEITHAN, | : |
| Plaintiff, | : Case No.: |
| VS. | : |
| LAKESIDE ENVIRONMENTAL CONSULTANTS, LLC, | : |
| Defendant. | : June 15, 2023 |
| | : Jury Trial Demanded |

## COMPLAINT

COMES NOW the plaintiff, Stephanie Keithan, by and through her attorneys, Sabatini and Associates, LLC, and for her Complaint, she states:

## PARTIES

1. Plaintiff Stephanie Keithan was and is a citizen of the State of Connecticut.

2. Defendant Lakeside Environmental Consultants, LLC was and is a limited liability company organized and existing under the laws of the State of North Carolina with a principal place of business located at 12324 Hampton Way Drive, Wake Forest, North Carolina 27587.

3. Defendant does business under the brand or trade name "ECI".

4. At all times material, defendant is an employer within the meaning of the Americans with Disabilities Act (ADA).

5. At all times material, plaintiff is an employee within the meaning of the Americans with Disabilities Act (ADA).

1

6. At all times material, defendant is an employer within the meaning of the Connecticut Fair Employment Practices Act (CFEPA).

7. At all times material, plaintiff was an employee within the meaning of the Connecticut Fair Employment Practices Act (CFEPA).

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to The Americans with Disabilities Act Amendments Act of 2008

9. This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b).

10. This Court has supplemental or pendent jurisdiction over the state law claims.

## GENERAL ALLEGATIONS

11. Defendant employed plaintiff.

12. Defendant has had one or more employees working at Eversource Energy, 107 Seldon Street, Berlin, Connecticut 06037.

13. Plaintiff worked for the defendant at Eversource Energy, 107 Seldon Street, Berlin, Connecticut 06037.

14. Defendant hired plaintiff on or about December 5, 2020.

15. Plaintiff's job position was Data Clerk/Account Analyst.

16. Plaintiff was qualified for the job.

17. Defendant employs Paul Karpel.

18. Karpel is a supervisory employee.

19. Karpel supervised plaintiff.

20. Eversource employs Allan Carey as the Director of Vegetation Management.

21. Carey supervised plaintiff on a daily basis.

22. On or about February 5, 2021, plaintiff went to the hospital emergency room due to pelvic pain.

23. While in the emergency room, a cancerous cyst/mass on plaintiff's left ovary was discovered.

24. This discovery caused plaintiff to be admitted to the hospital where she underwent two surgeries in a two-week time span.

25. Plaintiff notified defendant of her medical condition, the hospitalization, and the surgeries.

26. Plaintiff notified defendant that her probable return to work date was February 26, 2021.

27. When plaintiff was in the hospital recovering from the first surgery, she received a phone call from Karpel telling her that they were letting her go because she needed an extended leave of absence and that Eversource felt that she was not a good fit.

28. Karpel told plaintiff that her health insurance would be terminated immediately.

29. Karpel also told plaintiff that he had to do whatever Eversource wanted in order to keep his own position and the contract between ECI and Eversource healthy.

30. Carey had told plaintiff to take all the time needed to get well.

31. Defendant terminated plaintiff's employment on February 19, 2021.

32. Plaintiff's cancerous cyst/mass on her ovary is a disability within the meaning of the ADA and the CFEPA.

33. Plaintiff is under the care of health care providers for the disability and is receiving medical treatment including pharmaceutical induced menopause.

34. Plaintiff can perform the essential functions of her job with or without a reasonable accommodation.

35. In a letter dated March 11, 2021, plaintiff's treating health care provider cleared her to work – full duty with no restrictions.

36. Plaintiff filed claims against defendant with the Equal Employment Opportunities Commission (EEOC) on or about June 21, 2021.

37. Plaintiff received a right to sue letter from the EEOC on May 5, 2023 (attached hereto as Ex. 1).

38. Plaintiff filed claims against defendant with the Connecticut Commission on Human Rights and Opportunities (CHRO) on or about June 21, 2021.

39. Plaintiff received a release of jurisdiction from the CHRO on May 4, 2023 (attached hereto as Ex. 2).

## FIRST COUNT
**(Disability Discrimination in Violation of the ADAAA)**

1. Plaintiff repeats the allegations in paragraphs 1 through 39 above as if fully incorporated herein.

40. Defendant's actions violate The Americans with Disabilities Act Amendments Act of 2008, which prohibits discrimination on the basis of disability.

41. Defendant, by and through its agents and/or employees, violated the Americans with Disabilities Act, in one or more of the following ways:

(a) In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

(b) In that defendant discriminated against the plaintiff in such a way that it adversely affected her status as an employee;

(c) In that defendant terminated plaintiff's employment;

(d) In that defendant treated the plaintiff adversely different from similarly situated employees; and

(e) In that defendant intentionally discriminated against the plaintiff.

42. As a result of defendant's unequal treatment and discrimination, plaintiff has been deprived of her employment and equal employment opportunities because of her disability.

43. As a result of defendant's discrimination, plaintiff has been deprived of income, wages, and benefits.

44. As a further result of defendant's termination and discrimination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

45. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

46. Defendant exhibited reckless indifference to the plaintiff's civil rights by terminating her employment on the basis of her disability.

## SECOND COUNT
### (Failure to Accommodate in Violation of the ADAAA)

1. Plaintiff repeats the allegations in paragraphs 1 through 46 above as if fully incorporated herein.

47. Defendant, by and through its employees and/or agents, failed to accommodate plaintiff's disability in violation of The Americans with Disabilities Act Amendments Act of 2008.

48. Plaintiff sustained harms and losses as a result of defendant's failure to accommodate.

## THIRD COUNT
### (Retaliation in Violation of the ADAAA)

1. Plaintiff repeats the allegations in paragraphs 1 through 48 above as if fully incorporated herein.

49. Defendant, by and through its agents and/or employees, violated the Americans with Disabilities Act, by retaliating against plaintiff for requesting a reasonable accommodation.

50. Plaintiff sustained harms and losses because of the retaliation.

## FOURTH COUNT
### (Disability Discrimination in Violation of C.G.S. §46a-60(b)(1))

1. Plaintiff repeats the allegations in paragraphs 1 through 50 above as if fully incorporated herein.

51. Defendants, by and through its agents and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60(b)(1) *et seq.* in one or more of the following ways.

   (a) In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

   (b) In that defendant discriminated against the plaintiff in such a way that adversely affected her status as an employee;

   (c) In that defendant treated the plaintiff adversely different from similarly situated employees;

   (d) In that defendant terminated plaintiff's employment on account of her disability;

   (e) In that defendant intentionally discriminated against the plaintiff;

52. Plaintiff sustained harms and losses as a result of the discrimination.

53. Defendant's discrimination was a motivating factor in its decision to terminate plaintiff's employment.

54. Defendant's discrimination was willful and wanton.

## FIFTH COUNT
### (Failure to Accommodate in Violation of C.G.S. §46a-60(b)(1))

1. Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 54 as though fully set forth herein.

55. Defendants, by and through its agents and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60(b)(1) *et seq.* by failing to provide plaintiff with a reasonable accommodation.

56. Plaintiff sustained harms and losses as a result of the failure to accommodate.

## SIXTH COUNT
### (Retaliation In Violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(b)(4))

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

57. Defendant, by and through its agents and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-609(b)(1) *et seq.* by retaliating against plaintiff for requesting a reasonable accommodation.

58. Defendant's retaliation was a motivating factor in its decision to terminate plaintiff's employment.

59. Plaintiff sustained harms and losses as a result of defendant's retaliation.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages, including damages for back pay, front pay, compensatory damages, bonuses, personal days, lost pension/retirement benefits, emotional distress, consequential damages, punitive damages, reasonable attorneys' fees, costs, interest; liquidated damages; job re-instatement; post judgment interest, prejudgment interest, for an injunction requiring the removal of all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all just and proper relief.

DATE:   June 15, 2023

_____
James V. Sabatini, Esq.
Fed. No.: CT 19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF

# EXHIBIT 1

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 05/05/2023

To: Stephanie Keithan
602 Summer Hill Drive
Waterbury, CT 06704

Charge No: 16A-2021-01053

EEOC Representative and email:   AMON KINSEY
Supervisory Investigator
Amon.Kinsey@EEOC.gov

## DISMISSAL OF CHARGE

The EEOC is closing this charge because: The Charging Party is pursuing another forum.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Timothy Riera
05/05/2023

Timothy Riera
Acting District Director

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 16A-2021-01053 to the District Director at Timothy Riera, 33 Whitehall St 5th Floor

New York, NY 10004.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.
- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- ✓ **Only one** major life activity need be substantially limited.
- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

Enclosure with EEOC Notice of Closure and Rights (01/22)

### "Regarded as" coverage

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.
- ✓ A person is not able to bring a failure to accommodate claim if the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For moreinformation, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.*

Cc:
Lori Alexander
Littler Mendelson
265 Church Street Suite 300
New Haven, CT 06510

**Eci Environmental Consultants**
c/o James Sabatini
SABATINI AND ASSOCIATES
1 Market Square
Newington, CT 06111

Please retain this notice for your records.
by: Sabatini & Associates, LLC

MAY 0 8 2023

RECEIVED

# EXHIBIT 2

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Stephanie Keithan
**COMPLAINANT**

vs.

CHRO No. 2130627
EEOC No. 16A202101053

Lakeside Environmental Consultants LLC
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

*Tanya A. Hughes*

**DATE:**   May 4, 2023            Tanya A. Hughes, Executive Director

Service:
Complainant: slkeithan@yahoo.com
Complainant's attorney: jsabatini@sabatinilaw.com
Respondent: mkeffer@utilservllc.com
Respondent's attorney: lalexander@littler.com