UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHANIE KEITHAN,<br><br>*Plaintiff*,<br><br>v.<br><br>LAKESIDE ENVIRONMENTAL CONSULTANTS, LLC.<br><br>*Defendant.* | No. 3:23-cv-00782 (OAW) |

### ORDER GRANTING MOTION TO COMPEL

Defendant Lakeside Environmental Consultants, LLC ( "ECI") moves pursuant to Fed. R. Civ. P. 37 and Rule 37 of the Local Rules of Civil Procedure for the United States District Court, District of Connecticut ("Local Rules") to compel Plaintiff to respond to certain interrogatories and requests for production. *See* ECF No. 24.

Plaintiff Stephanie Keithan filed suit against Defendant alleging that ECI violated the Americans with Disabilities Act ("ADA") and Connecticut Fair Employment Practices Act ("CFEPA") by terminating her employment during an "extended leave of absence" to treat a cancerous mass. Plaintiff alleges ECI's termination of her employment constitutes disability discrimination, a failure to accommodate her disability, and retaliation under the ADA and CFEPA. *See* ECF No. 1.

For the foregoing reasons, the court **GRANTS in part** and **DENIES in part** Defendant's motion to compel.

1

## BACKGROUND

Plaintiff filed her Complaint on June 15, 2023.  ECF No. 1.  On August 10, 2023, Defendant responded with its Answer.  ECF No. 14.  Shortly thereafter, this court prompted the parties to file their Rule 26(f) report, which had been due on or before August 24, 2023.  ECF No. 15.  The parties belatedly submitted their Rule 26(f) report, and the court issued a scheduling order.  ECF No. 17.  Discovery was to have been completed by October 22, 2024.  ECF Nos. 30, 33.  Thus, the parties were provided over one year to conduct discovery in this employment discrimination case.

On February 13, 2024, Defendant served its discovery requests on Plaintiff's counsel.  ECF No. 24-1, pg. 3.[1]  Plaintiff served her first set of discovery requests on April 18, 2024.  ECF No. 24, pg. 5.  Given the experience and expertise of the parties, it is unclear why *five months* passed before the first set of discovery requests were served in this case.  Nevertheless, Plaintiffs neither timely responded to Defendant's discovery requests nor sought an extension of such deadline.  However, for its part, Defendant did not raise this issue until April 22, 2024 – four days after Plaintiff submitted her discovery requests to ECI's counsel.  *See* ECF No. 24-2, pg. 35.

On May 23, 2024, ECI deposed the plaintiff who averred, among other things, that nobody instructed her to preserve documents related to her allegations in this matter.  *Id.* at 43 (Tr. 17:5-18:6).[2]

---

[1] Page numbers cited in the instant ruling refer to those assigned by the court's electronic filing system and not necessarily to counsel's pagination.

[2] Counsel's obligation to inform clients of their responsibility to preserve case-related documents is well established.  *Chan v. Triple 8 Palace, Inc.*, No. 03-cv-6048 (GEL) (JCF), 2005 WL 1925579 at *6 (S.D.N.Y. Aug. 11, 2005) ("The preservation obligation runs first to counsel, who has 'a duty to advise his client of the type of information potentially relevant to the lawsuit and of the necessity of preventing its destruction.'").  Failing to do so is a factor to be weighed by a court in imposing sanctions.  *Chin v. Port Auth. of New York & New Jersey*, 685 F.3d 135, 162 (2d Cir. 2012).

On May 29, 2024, Plaintiff submitted responses to Defendant's discovery requests. According to Defendant, it "noted significant deficiencies with Plaintiff's responses, including missing information that Plaintiff had specifically promised to produce during her deposition." *Id.* at 4.  Defendant does not say *when* it noticed the deficiencies, and indeed did not raise this concern for over one month, until, on July 8, 2024, ECI's counsel "emailed Plaintiff's counsel regarding the deficiencies in Plaintiff's responses to Defendant's discovery requests and asking that Plaintiff provide supplemental responses on or before July 15, 2024." *Id.* at 92 (Exh. 6).  And while parties lack the court's authority to compel responses by a certain date, the deadline issued by Defendant was to avoid its filing of a motion to compel, despite its own delays in providing notice of this deficiency.

Two days, later, on July 10, 2024, Defendant timely submitted *its* discovery responses. Whereas Plaintiff alleges they were "21 days after [D]efendant's extension [had] expired," ECF No. 27 at 5, through counsel, she previously had granted Defendant an extension through July 10, 2024, *see* ECF No. 28 at 12 (noting, "July 10 is fine" for such deadline, given the Independence Day holiday).  Accordingly, Defendant's submission appears to have been timely.  *See also* Fed. R. Civ. P. 29(b).

Thereafter, on July 16, Plaintiff appears to have raised concerns with Defendant's discovery compliance, *see* ECF no. 28 at 3, and one week later, on July 23, 2024, Defendant followed up on its July 8 email and requested to meet and confer with Plaintiff's counsel regarding the discovery deficiencies, either that day or the following afternoon. ECF No. 24-2 at 100.  Defendant again threatened that failure to comply would result in the filing of a motion to compel.  *Id.*  Within *four minutes*, Plaintiff agreed to meet the following afternoon, clarifying that both parties should raise their lingering concerns.  *Id.*

3

However, *Defendant* then failed to confirm its own availability (within the timeframe it demanded) for another two days, which was beyond Defendant's stated meeting window which it deemed necessary to avoid its filing of a motion to compel; indeed, *Defendant's* delayed response was despite *Plaintiff's* immediate notice of counsel's availability to meet within the short timeframe initially set by Defendant itself. *Id.* at 105. Moreover, six days later, on July 29, Plaintiff reduced to writing several remaining discovery disputes. *Id.* at 114. *Thereafter*, and without responding in writing to those discovery claims, *Defendant* then complained that *it* had not received a response from *Plaintiff* in order to schedule a time to meet and confer as to the parties' discovery concerns and it requested that Plaintiff respond (yet again) "as soon as possible." *Id.* Apparently, Defendant's emergency remained, but its own unilateral interim discovery deadline had been reset due to *Defendant's* own unresponsiveness to Plaintiff's immediate confirmation of availability.

On August 13, 2024, the parties held a discovery conference call. ECF No. 27. Plaintiff's counsel claims that during the call, ECI's counsel "would only talk about their own discovery deficiencies." *Id.* at 7. For its part, defense counsel represents that "it was communicated to Plaintiff's counsel that undersigned counsel . . . was only available to speak for thirty minutes." ECF No. 28, pg. 3. However, Defendant does not dispute that it refused to use any of that time to discuss Plaintiff's concerns. Instead, Defendant filed the instant motion to compel the day after that call, which the court notes to have come nearly one year after the start of discovery, *see* ECF Nos. 16–17, and approximately two weeks before close of discovery as such deadline had then been set, *see* ECF No. 22. Thereafter, the court granted an extension of the discovery deadline to October 18, 2024.

4

*See* ECF Nos. 29, 30.  Defendant's motion seeks to compel Plaintiff to produce more detailed responses to its interrogatories and requests for production.

## DISCUSSION

Defense counsel does not entirely appear to have approached the August 13, 2024, meet and confer call in completely good faith,[3] and throughout the discovery dispute, it appears to have demanded responsiveness after periods of its own inactivity.  Meanwhile, Plaintiff's counsel has not been prompt in responding to defense counsel's legitimate objections and failed to instruct Plaintiff to preserve documents.  As counsel for *each party* appears to have caused the need for judicial intervention to resolve this dispute, the court orders the following.

**Interrogatory No. 3**

This interrogatory is limited to those with whom Plaintiff had communicated the "factual occurrences" upon which her Complaint is based.  ECF No. 24-1, pg. 8.  Plaintiff notes that she cannot "invent new individuals with whom she has spoken to about the substance of her claims."  ECF No. 27, pg. 9.  To the extent the plaintiff is aware of any other medical provider with whom she shared the basis of her Complaint, she is ordered to supplement her response to include such individual(s).

---

[3] Defendant's affidavit does not comply with the District's Local Rules.  *See* Local Rule 37 ("No motion pursuant to Rules 26 through 37, Fed. R. Civ. P. shall be filed unless counsel making the motion has conferred, in person or by telephone, with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution…[i]n the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as a part of the motion papers, *an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court*, and has been unable to reach such an agreement.") (emphasis added).

**Interrogatory No. 6 and Document Request No. 18**

Rule 26(a) requires an actual computation of damages, and Plaintiff must provide one. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 293, 295 (2d Cir. 2006); s*ee J.P. Morgan Sec. LLC v. Mariano*, No. 17-cv-1080 (GBD) (SDA), 2018 U.S. Dist. LEXIS 10114, 2018 WL 522339, at *3 (S.D.N.Y. Jan. 22, 2018) (compelling response to interrogatory seeking damages computations under Rule 33.3(a) and rejecting argument "that a further response was premature"); *Trilegiant v. Sitel Corp.*, 272 F.R.D. 360, 368 (S.D.N.Y. 2010) (computation of damages interrogatory "appropriate and timely under Local Civil Rule 33.3(a)"). Plaintiff must supplement her responses with a calculation of the back pay she believes will be owed to her as of the scheduled trial date. The court understands that some categories of damages, such as punitive damages, typically are not amenable to calculation. *See Murray v. Miron*, No. 11-cv-629 (JGM), 2015 WL 4041340, 2015 U.S. Dist. LEXIS 85260, *11-12 (D. Conn. Jul. 1, 2015). Thus, Plaintiff will not need to provide specific computations of non-economic damages, such as emotional distress. *Perry v. City of New Haven*, No. 11-cv-1485 (DFM) (RNC), 2012 WL 3887061, 2012 U.S. Dist. LEXIS 126386, *3-4 (D. Conn. Sept. 6, 2012). Nor must she provide calculations for attorney's fees. However, if Plaintiff has any other documents in her possession, custody, or control relating to claimed economic or emotional distress damages, or claims for punitive damages or attorney's fee awards, she must produce to (or make them available for) defense counsel. Failure to do so may result in the imposition of sanctions, including an order precluding the plaintiff from seeking such damages, and/or an order dismissing the case.

However, Defendant is warned against insisting on unreasonable details regarding "the actual basis for the damages."

Finally, to the extent she has not already done so, Plaintiff is ordered to produce any pay stubs she has received in 2021 and 2024. As described *infra*, tax documents (*i.e.,* a W-2) will suffice as to production related to 2021.

**Interrogatory No. 7 and Document Request No. 26**

It is not necessary for Plaintiff to seek treatment from a medical professional to claim emotional distress damages. "In garden variety emotional distress claims, the evidence of mental suffering is generally limited to the testimony of the plaintiff, who describes his or her injury in vague or conclusory terms, without relating either the severity or consequences of the injury." *Barham v. Wal-Mart Stores, Inc.*, No. 12-cv-01361 (VAB), 2017 U.S. Dist. LEXIS 139565, 2017 WL 3736702, at *5 (D. Conn. Aug. 30. 2017). Plaintiff executed a medical authorization,[4] but has been clear that she does not have anyone further to disclose. If anything has changed since Defendant's filing of this motion, or if Plaintiff has any documentation relating to her treatment with Dr. Larrea, she is ordered to produce any such information related to this case.

Defendant is free to petition this court to order Plaintiff to execute additional authorizations, should it become necessary. *See Robinson v. United States*, 205 F.R.D. 104, 107 (W.D.N.Y. 2001) (requiring plaintiff to sign authorization for release of all workers' compensation and employment records to determine whether plaintiff had a prior

---

[4] While Defendant "has attempted to utilize Plaintiff's medical authorization to obtain her medical records directly from Dr. Larrea utilizing the contact information disclosed in the document Bates numbered P14, those efforts have not successfully yielded any relevant records. Indeed, after serving a subpoena upon the entity disclosed on P14, that entity informed undersigned counsel that it does not have any records whatsoever for Plaintiff, including any records from her alleged treatment by Dr. Larrea." ECF No. 28 at 3.

injury); *see also Weber v. Fujifilm Medical Systems U.S.A., Inc.*, No. 10-cv-401 (JBA), 2011 U.S. Dist. LEXIS 26027, 2011 WL 674026, at *1 (D. Conn. Feb. 17, 2011) ("Defendants can obtain Plaintiff's medical records only by Plaintiff granting his medical providers permission to disclose records or by the subpoena and deposition process. Courts recognize that the authorization process is markedly more efficient.")

**Interrogatory No. 13 and Document Request No. 15**

Defendant seeks certain financial documents, including tax documents and other records of income.  Plaintiff is ordered to produce any paystubs from 2021 and 2024. However, if she locates and produces her 2021 tax documents (*i.e.,* W-2's) she need not produce anything further except her paystubs for 2024.  *See McIntosh v. Bank of America*, No. 06-cv-0708S (KHS) (SR), 2008 WL 4501911, at *3 (W.D.N.Y. Sept. 8, 2008).  The remainder of Defendant's request is denied based upon the representations of Plaintiff's counsel.

**Interrogatory No. 15 and Document Request No. 16**

Defendant seeks each expert witness likely to be called by Plaintiff.  Plaintiff is ordered to provide the name of anyone who could testify as a retained or non-retained expert. The court *will not permit anyone who remains undisclosed to testify, barring truly exceptional circumstances*.  The court notes that Plaintiff identified additional doctors in her supplemental responses.  ECF No.27 at 13.  Plaintiff is ordered to describe the anticipated subject of testimony for each retained or non-retained expert such that Defendant is on notice (including as to the any medical records upon which such expert might rely).  Plaintiff asserts she also is trying to "acquire" records.  *Id.*  If she is successful, Ms. Keithan is ordered to promptly turn over to the defendant any such documents.

The court will allow Defendant to depose such individuals to the extent this has not yet been accomplished. The remainder of Defendant's request is denied.

**Interrogatory No. 22 and Document Request No. 39**

Plaintiff is ordered to identify any comparators whose treatment by Defendant would support an inference of discrimination. It is insufficient and nonresponsive to name every employee who works for Defendant. If Plaintiff has reason to believe a person without a disability was treated differently than Plaintiff on account of that non-disabled status, she is ordered to name that individual. The rest of Defendant's request is denied.

**Document Requests Nos. 19, 20, and 21**

For the reasons stated in Plaintiff's response (ECF No. 27) the request is denied.

**Document Requests Nos. 25, 27, and 33**

Plaintiff is ordered to utilize her best efforts to obtain any and all medical records related to this case. *See United States v. All Assets Held at Bank Julius Baer & Co.*, 309 F.R.D. 1, 14 (D.D.C. 2015) (responding to an interrogatory requires the party to act proactively; she "cannot just sit on [her] hands," but must compile information within her control or otherwise available to her, even if such information is held by a nonparty). Additionally, she must search for any documents related to her requests for leave and accommodation (including any such communications to Defendant) and produce them. The parties presently should take care not to overlook anything because discoverable materials which are not disclosed by the end of fact discovery *will not be considered* at summary judgement or trial.[5]

---

[5] All such documents *must* be bates stamped.

## **CONCLUSION**

For the reasons stated herein, Defendant's motion is granted in part and is denied in part. All remaining discoverable materials must be produced pursuant to Local Rule 37(d).

**IT IS SO ORDERED** at Hartford, Connecticut, this 3rd day of December, 2024.

                                             /s/
                                    OMAR A. WILLIAMS
                                    UNITED STATES DISTRICT JUDGE